# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUDITH B. ROBINS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; THE LONG TERM DISABILITY PLAN FOR NCS PEARSON, INC., and DOES 1 to 10, Inclusive,<br><br>　　　　　Defendants. | Case No. CV09-5986 SVW (RZx)<br><br>**[PROPOSED]** PROTECTIVE ORDER APPROVING STIPULATED CONFIDENTIALITY AGREEMENT<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

Upon consideration of the Stipulated Confidentiality Agreement for Protective Order between Plaintiff Judith B. Robins ("Plaintiff") and Defendants Hartford Life and Accident Insurance Company ("Hartford") and the Long Term Disability Plan for NCS Pearson, Inc. (collectively "Defendants"), the Court hereby approves of said Agreement and orders the parties to comply with its terms. Certain documents, materials or information to be produced by Hartford in discovery shall be subject to the parties' Stipulated Confidentiality Agreement with respect to confidentiality and privacy.

　　　　1.　　The information/items governed by the Stipulated Confidentiality Agreement are: (1) any of Hartford's claims handling procedures, policies and

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4811-8776-8837 v1    - 1 -    CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED CONFIDENTIALITY AGREEMENT

1  guidelines to be produced as part of its responses to the request for production of
2  documents and responses to interrogatories; and (2) the amount of money paid to
3  Reliable Review Services by Hartford and number of reviews Hartford obtained
4  through Reliable Review Services from 2007 to 2009 to be produced as part of
5  Hartford's responses to requests for production of documents and responses to
6  interrogatories.  Any further information or documents to be designated as subject
7  to the Stipulated Confidentiality Agreement will be designated in addendum(s) to
8  the Stipulated Confidentiality Agreement and submitted to the Court for approval.
9      2.   The documents, materials or information identified in Paragraph 1 of
10 the Stipulated Confidentiality Agreement contain or constitute confidential, private,
11 proprietary and/or trade secret information as defined by California Civil Code §
12 3426.1, and shall be subject to the terms of the Stipulated Confidentiality
13 Agreement.  Said documents, materials or information, including all information
14 contained therein, and all copies, descriptions, summaries, notes, abstracts or
15 portions of pleadings or transcripts which contain or are derived from such
16 information, hereinafter shall be referred to as "the Information."
17     3.   The Information shall be used solely for the purposes of this action.
18 No part of the Information shall be disclosed to any person or otherwise made
19 public except pursuant to the Stipulated Confidentiality Agreement.
20     4.   The Information may be disclosed only to the persons described in the
21 following sentence, only to the extent that such person is performing work in
22 connection with this action, and only to the extent necessary to perform that work.
23 Such persons are:   (a) the Parties to this action; (b) counsel of record for the
24 Parties; (c) any person regularly employed by such counsel, including legal
25 assistants, secretaries, law clerks, investigators, associates and contract attorneys;
26 (d) actual or prospective experts and consultants retained or consulted by a Party or
27 a Party's counsel in the course of this action; (e) any potential deposition and trial
28 witnesses, to the extent counsel deems it necessary for and relevant to the testimony

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-8776-8837 v1   - 2 -   CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED
CONFIDENTIALITY AGREEMENT

of such witnesses; and (f) this Court, its staff, and jurors empanelled in the trial of this lawsuit. These persons shall not disclose, discuss or reveal the Information, its contents or existence, or the documents containing the Information to any other person or entity not specifically identified in this Paragraph. Upon demand, Plaintiff's counsel and these persons will return the Information and all copies of documents relating thereto to Defendants' attorneys at the conclusion of this action.

5. No copies, summaries, digests, notes or descriptions of the Information shall be provided by a Party or its counsel for distribution to persons other than those described in Paragraph 4.

6. Persons to whom access to the Information is given pursuant to the Stipulated Confidentiality Agreement shall keep such material and any copies, extracts, summaries, notes or descriptions thereof secure in accordance with the purposes and intent of the Stipulated Confidentiality Agreement and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure. No disclosure shall be made to any person pursuant to Paragraph 4(d) or 4(e) until such person has executed either this Stipulated Confidentiality Agreement or a written Understanding and Agreement to be bound by the Stipulated Confidentiality Agreement in the form attached hereto as Exhibit 1.

7. Upon request of any Party, the original transcript and any and all copies of any deposition containing (a) documents pertaining to the Information as exhibits, or (b) testimony relating to the Information, shall be marked on its cover "CONTAINS CONFIDENTIAL INFORMATION. DO NOT DISCLOSE EXCEPT BY COURT ORDER." Disclosure of any copy of such deposition transcript or any document attached as a deposition exhibit shall be restricted to the deponent, his or her counsel of record, and persons designated in Paragraph 4.

8. The Parties may disclose the Information to the Court in connection with motions filed in this case or at trial in this case. The Information will be provided to the Court in a sealed envelope and will be marked "Confidential:

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-8776-8837 v1 - 3 -

CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED
CONFIDENTIALITY AGREEMENT

1  Subject to Protective Order."  The Court will decide whether to seal the Information
2  and all references to the information in any other documents, or in any reporter's
3  transcript at the conclusion of the litigation.  Any party who intends to file
4  documents with the Court which discuss or disclose any Information subject to the
5  Stipulated Confidentiality Agreement shall give seven (7) days' notice of same to
6  all parties in the action.  If a party desires to file an Application to Place the
7  Documents Under Seal, said party will provide the Application to the disclosing
8  party one (1) day in advance of the anticipated filing date.  Said Application will be
9  filed together with the documents in the sealed envelope as described above.

10         9.     Production of the documents or disclosure of the Information protected
11  by the Stipulated Confidentiality Agreement shall not constitute a waiver of any
12  confidentiality, privacy right or privilege.  Moreover, Defendants retain the right to
13  assert all substantive objections to the Information and/or documents containing the
14  Information, including but not limited to relevancy, hearsay, privacy, privilege and
15  California Evidence Code § 352.

16         10.    Any part of the Information may be removed from the scope of the
17  Stipulated Confidentiality Agreement by agreement of the Parties or by Court
18  order.

19         11.    Should any Party violate the terms of the Stipulated Confidentiality
20  Agreement, and should legal action be necessary as a result of any violation or
21  threatened violation of the Stipulated Confidentiality Agreement, the prevailing
22  Party shall recover any damages allowed under the law.

23         12.    Notwithstanding anything to the contrary contained herein, any Party
24  may move for a modification of the Stipulated Confidentiality Agreement at any
25  time that the interests of justice appear to so require.  Further, nothing in the
26  Stipulated Confidentiality Agreement shall be construed as affecting the Parties'
27  obligations with respect to the Information as required by law.
28  / / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-8776-8837 v1   - 4 -   CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED
CONFIDENTIALITY AGREEMENT

13. The Stipulated Confidentiality Agreement shall be binding on any and all Parties who sign therein.

This order shall cover pretrial matters, except for dispositive motions. If protection is desired for matters submitted in connection with either dispositive motions or at trial, such protection must be sought separately from the judicial officer who will preside over those proceedings.

IT IS SO ORDERED.

Dated: February 19, 2010

By: _____
United States Magistrate Judge

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4811-8776-8837 v1

- 5 -

CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED
CONFIDENTIALITY AGREEMENT

# **EXHIBIT 1**

## UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER

I hereby state that I have read a copy of the Stipulated Confidentiality Agreement for Protective Order in *Judith B. Robins v. Hartford Life and Accident Insurance Company, et al.*, Case No. CV09-5986 SVW (RZx), pending in the United States District Court, Central District of California. I understand and agree to be bound by its terms.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____
Address

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4811-8776-8837 v1   - 6 -   CASE NO. CV09-5986 SVW (RZX)
PROTECTIVE ORDER APPROVING STIPULATED
CONFIDENTIALITY AGREEMENT